UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

GARY EDWARD WILLIAMSON, )
)
    Plaintiff, )
) Civil Case No.
v. ) 5:12-cv-334-JMH
)
UNITED STATES OF AMERICA, ) **MEMORANDUM OPINION & ORDER**
)
    Defendant. )
)

\*\*\*

This matter is before the Court upon the United States' Motion to Amend this Court's prior order, dated September 5, 2013, to include certification under 28 U.S.C. § 1292(b) and stay proceedings in district court. [DE 25]. Plaintiff has responded [DE 26], and the United States has filed a Reply [DE 27]. Thus, this matter is now ripe for review. For the reasons which follow, Defendant's motion will be denied.

**I.**

Plaintiff Gary Edward Williamson was awarded compensation under the Federal Employee's Compensation Act (FECA) as a result of injuring his foot and ankle in the performance of his duty as a USPS employee in March, 2010.[1] [DE 14-2 at 2]. As a veteran, he was eligible for, and received, treatment at the Veterans

---

[1] For a full discussion of the facts, please refer to this Court's prior Memorandum Opinion and Order [DE 19].

Administration Medical Center (VAMC) in Lexington, Kentucky. In the current litigation, Williamson seeks damages under the Federal Tort Claims Act (FTCA) for the VAMC's failure to diagnose and properly treat his work-related injury, as well as exacerbation of a pre-existing condition which is, allegedly, unrelated to any work injury. [DE 1-1].

Generally, if a federal employee sustains an injury "while in the performance of his duty," compensation provided through FECA is his exclusive remedy against the United States. 5 U.S.C. § 8102(a); *see Wright v. United States*, 717 F.2d 254, 256—57 (6th Cir. 1983). Defendant initially filed a motion to dismiss on the basis that FECA provided Williamson's exclusive remedy for his injury. *Wright*, 717 F.2d at 257 (citation omitted)("Injuries which are compensable under the FECA . . . cannot be compensated under other federal remedial statutes such as the Federal Tort Claims Act."). This Court's Memorandum Opinion and Order [DE 19], dated September 5, 2013, denied Defendant's motion, finding that the Sixth Circuit's narrow exception, known as the "dual capacity doctrine," would apply to allow Williamson's FTCA claim to go forward, despite his prior recovery under FECA. Under the dual capacity doctrine, "[a]n employer may become a third person, vulnerable to tort suit by an employee, if-and only if-he possesses a second persona so completely independent from and unrelated to his status as

employer that by established standards the law recognizes it as a separate legal person." *Wright*, 717 F.2d at 259 (quoting 2A Larson, Workmen's Compensation Law § 72.81 (1982)).

Defendant now requests that this Court amend its Memorandum Opinion and Order [DE 19] to include a certification under 28 U.S.C. § 1292(b) to allow for interlocutory appeal. For the reasons stated below, the Court will deny the request for certification.

**II.**

A matter is appropriate for certification for interlocutory appeal where the issue involved is "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The United States argues that these factors are present in the issue addressed by this Court's prior Memorandum Opinion and Order. While this Court agrees that the issue of whether Williamson may maintain an FTCA claim where he received benefits under FECA is a controlling question of law, the current precedent is clear and, thus, there is not a substantial ground for difference of opinion.

A substantial ground for difference of opinion may be shown where "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct

resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013). This is not a matter of first impression, nor is there a difference of opinion within the Sixth Circuit on this issue. Most importantly, there is guiding precedent in this circuit upon which this Court may, and did, rely. Arguments that this Court applied existing law incorrectly or that the law should be changed may be addressed upon appeal at the conclusion of this matter, but are not appropriate grounds for certification.

The essence of the United States argument is that, if given the chance on interlocutory appeal, the Sixth Circuit would change the current law. The United States cites to criticism of the Sixth Circuit's approach, *see Wilder v. United States,* 873 F.2d 285, 289 (11th Cir. 1989), however, Defendant's suspicion that the judges of the Sixth Circuit might, or should, change the law of the circuit is not an appropriate basis for this Court to certify an opinion for interlocutory appeal. While this Court's prior Opinion acknowledged that other circuits have declined to adopt the dual capacity doctrine and other courts' opinions have mused that the Sixth Circuit might alter its

approach in the future[2], the Sixth Circuit's prior decisions provided sufficient guidance for this Court's analysis of the issue. This Court has applied the dual capacity doctrine to the facts of this case and there is not a "substantial ground for difference of opinion."

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion Amend the Court's Order to include 28 U.S.C. § 1292(b) certification [DE 25], be, and the same hereby is, **DENIED.**

**IT IS FURTHER ORDERED** that Defendant **SHALL** answer the Amended Complaint **within 20 days** of the entry of this Order.

This the 3rd day of February, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

[2] *See Soltysiak v. United States*, No. 90C6775, 1991 WL 55750, at *2 (N.D. Ill. Apr. 8, 1991) (citing *McCall* as authority that the existence of FECA coverage precludes a separate tort action); *see also Elman v. United States*, 173 F.3d 486, 490–91 (3d Cir. 1999) (suggesting "the Sixth Circuit may have become disenchanted with the dual capacity doctrine.").