UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

GARY EDWARD WILLIAMSON,           )
                                  )
        Plaintiff,                )
                                  )         Civil Case No.
v.                                )         5:12-CV-334-JMH-REW
                                  )
UNITED STATES OF AMERICA,         )     **MEMORANDUM ORDER AND OPINION**
                                  )
        Defendant.                )

***

This matter is before the Court upon the government's motion for partial summary judgment, [DE 55].  Plaintiff has responded, [DE 58], and the government has filed a reply, [DE 62].  For the following reasons, the motion will be granted in part and denied in part.

Plaintiff seeks $750,000 in damages from the United States in this Federal Tort Claims Action based on alleged medical malpractice during the treatment of Plaintiff's foot at the Lexington, Kentucky VA Medical Center.  It is undisputed that, in connection to injuries to his foot, Plaintiff has already received various government benefits, including medical benefits under TRICARE, workers compensation benefits under the Federal Employees Compensation Act, and disability retirement administered by the Office of Personnel Management.  The government contends that any monetary award that Plaintiff

receives under the FTCA should be offset by the amount of government benefits already received.

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment the court must construe the facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In determining whether the government's request is appropriate, the Court looks to Kentucky's "collateral source rule." *See Douglas v. United States*, 658 F.2d 445, 449 (6th Cir. 1981). This rule provides that "benefits received by an injured party for his injuries from a source wholly independent of, and collateral to, the tortfeasor will not be deducted from or diminish the damages otherwise recoverable from the tortfeasor." *Schwartz v. Hasty*, 175 S.W.3d 621, 626 (Ky. Ct. App. 2005). Various rationales support this rule. First, the tortfeasor should not receive a benefit simply because the injured party had the foresight to obtain insurance. *See O'Bryan v. Hedgespeth*, 892 S.W.2d 571, 576 (Ky. 1995). Second, as between the tortfeasor and the injured party, any windfall

2

should inure to the benefit of the injured party. *Schwartz*, 175 S.W.3d at 626. Third, unless the tortfeasor is required to pay the full amount of damages, the deterrent purpose of tort liability will be compromised. *Id.*

The Court previously ruled that the dual capacity doctrine applies in this case, allowing Plaintiff to bring his claim under the FTCA despite the fact that the claim would ordinarily be barred due to Plaintiff's receipt of benefits under FECA. *See* DE 19. Accordingly, in determining whether the collateral source doctrine applies to the benefits already received, the Court must determine whether the source of those benefits is "wholly independent of, and collateral to" the government in its capacity as a healthcare provider. To make this determination, the Court must examine the character of each type of benefits received, as well as the government's dual capacity with respect thereto.

In addition to Kentucky's collateral source rule, federal case law provides some guidance for such matters in which the United States is the defendant. While there appears to be no Sixth Circuit authority addressing the issue, several circuits have differentiated "unfunded general revenues of the United States (from which FTCA awards are made) and those (revenues) which come from a special fund supplied in part by the

3

beneficiary or a relative upon whom the beneficiary is dependent." *Overton v. United States*, 619 F.2d 1299, 1308 (8th Cir. 1980) (internal quotation marks and citation omitted); *see also McLean v. Runyon,* 222 F.3d 1150, 1156 (9th Cir. 2000); *Smith v. United States,* 587 F.2d 1013, 1015–1016 (3d Cir. 1978); *United States v. Price,* 288 F.2d 448, 450–51 (4th Cir. 1961); *Amlotte v. United States,* 292 F. Supp. 2d 922, (E.D. Mich. 2003) (holding that future Medicare payments should not offset FTCA award, since future Medicare payments are more properly characterized as coming from a collateral source). Another approach makes "a distinction between those proceeds that are in the nature of insurance to the plaintiff and those proceeds that are not." *Overton,* 619 F.2d at 1308. Whether the plaintiff has contributed to the ostensible collateral source is particularly relevant. *See Amlotte,* 292 F. Supp. 2d at 930. If a plaintiff has paid insurance premiums or taxes to contribute to a benefit, the benefit is less likely to be considered a collateral source. *See e.g., Berg v. United States*, 806 F.2d 978, 985–86 (10th Cir. 1986) (holding that "when a plaintiff has paid Social Security taxes while employed, any Medicare benefits that are subsequently received are a collateral source.").

To determine whether an offset as requested by the government is appropriate, it is necessary to examine each benefit individually.

**A. TRICARE Benefits**

TRICARE is a managed health care program that provides civilian health benefits for military personnel and their families. *See* 32 C.F.R. § 199.17. The government seeks an offset of $6,446.07 against any judgment in Plaintiff's favor, based on medical bills paid that were paid under TRICARE. The government bases its argument, in large part, on its assertion that TRICARE benefits come from the government's general unfunded treasury, as would an FTCA award. *See Mays v. United States*, 806 F.2d 976 (10th Cir. 1986) (CHAMPUS benefits are not collateral, as payments come from the general revenues of the United States); *see also Harvey v. United States,* No. 3:09-cv-122, 2013 WL 2898785 (W.D. Ky. June 13, 2013) (TRICARE benefits for past medical expenses are not collateral to the United States).

Applying Kentucky's definition of "collateral source," it is clear that the TRICARE benefits are not "wholly independent of" the United States in its capacity as a healthcare provider. As the government contends, both the TRICARE benefits and any FTCA damages would come from the government's general unfunded

5

treasury and, so, the TRICARE benefits are not collateral under Kentucky law.

The Court is mindful of the general rule that the government should not pay twice for the same injury. *See Brooks v. United States,* 337 U.S. 49, 53 (1949). In *Molzof v. United States*, 6 F.3d 461, 465 (7th Cir. 1993), the court stated that, in determining whether the collateral source rule applies, courts look "to the source and nature of the payments received by the plaintiff, even though both payments were made by the government." Though Plaintiff did not pay premiums for his TRICARE insurance, he contends that he "earned" the benefits through his military service and, thus, the value of the benefits cannot be offset against a FTCA award. While a plaintiff's contribution to the benefit is a factor to consider in determining whether a source is collateral, *see Phillips v. Western Company of North America,* 953 F.2d 923, 931 (5th Cir. 1992), Plaintiff's suggested application of the rule would be inconsistent with Kentucky law and, therefore, is inappropriate. For the reasons stated, Plaintiff's TRICARE benefits are not collateral to any FTCA damages.

**B.   FECA Benefits**

The Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101, *et seq.*, provides "a comprehensive system of compensation

6

for federal employees who sustain work-related injuries." *United States v. Lorenzetti,* 467 U.S. 167, 168 (1984). FECA is funded by the Employees' Compensation Fund. 5 U.S.C. § 8147. Employees do not contribute to this fund. *See McLean v. Runyon*, 222 F.3d 1150, 1156 (9th Cir. 2000) (workers' compensation payments under FECA were paid entirely by USPS and, therefore, not derived from a collateral source). An employee who receives FECA benefits generally is required to reimburse the United States for those benefits when he obtains a damages award or settlement from a third party who is liable to the plaintiff for his injuries. § 8132. Further, FECA creates a general right of reimbursement "that obtains without regard to whether the employee's third-party recovery includes losses that are excluded from FECA coverage." *Lorenzetti*, 467 U.S. at 174. It is logical to apply the Act's compensation-shifting scheme when the "third-party recovery" comes from the United States in an alternate capacity. Accordingly, the Court finds that any FTCA award should be offset by the amount of FECA benefits Plaintiff has received. Based on the offset, however, the government is barred from seeking repayment of FECA benefits, should Plaintiff recover under the FTCA.

### C.   Disability Retirement Benefits

The United States seeks an offset for disability retirement payments that Plaintiff has already received, as well as for the present value of future payments.   These payments are administered by the Office of Personnel Management and paid for out of the Civil Service Retirement and Disability Fund.   5 U.S.C. § 8348.   It is undisputed that Plaintiff made financial contributions to his retirement fund throughout his employment with the U.S. Postal Service.   Further, the government's dual capacity in this case is of particular relevance here. Plaintiff made a decision to seek treatment at the VA Medical Center, but he just as easily could have sought treatment elsewhere.   Had he done so, been injured, and brought a tort action against a private healthcare provider, his retirement benefits would, without question, remain undisturbed.   To offset the amount of Plaintiff's retirement benefits would allow the United States to benefit from Plaintiff's fortuitous choice in selecting the VA Medical Center and would present the government with a windfall.   As the Court has stated, "a benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor." *Baptist Healthcare Sys., Inc.*, 177 S.W.3d at 683 (citation omitted).   Accordingly, the Court finds that the retirement benefits meet the definition of

"collateral source" under the applicable law and offset will be denied.

Accordingly, **IT IS ORDERED** that the government's motion for summary judgment, [DE 55], is hereby **GRANTED IN PART** and **DENIED IN PART.**

(1) Any damages award under the Federal Tort Claims act shall be offset by the following: the value of Plaintiff's medical benefits under TRICARE—**$6,446,07** and the value of Plaintiff's FECA benefits—**$127,155.09.**

(2) The United States' motion for summary judgment is denied with respect to Plaintiff's retirement disability benefits.

This the 15th day of June, 2015.



**Signed By:**

**_Joseph M. Hood_**

**Senior U.S. District Judge**