UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

GARY EDWARD WILLIAMSON           )
                                 )
     Plaintiff,                  )    Action No. 5:12-CV-334-JMH
                                 )
v.                               )
                                 )
UNITED STATES OF AMERICA         )    **MEMORANDUM ORDER AND OPINION**
                                 )
     Defendant.                  )
                                 )
                                 )

**       **     **     **     **

This matter is before the Court upon various pretrial motions. Having reviewed the record and being sufficiently advised, the Court will address each of the matters separately.

As an initial matter, the Court will address the Defendant's "motion for clarification, or in the alternative, objection to Plaintiffs' improper use of a deposition at trial," [DE 79]. Plaintiff has responded, [DE 84], and clarifies that he intends to present Dr. Clifford Jeng's testimony by deposition at trial, and not to have Dr. Jeng testify live, because Dr. Jeng is unavailable pursuant to Federal Rule of Civil Procedure 32(a)(4)(B). At the final pretrial conference, held July 22, 2015, Defendant reported that it had no objection to the presentation of Dr. Jeng's deposition at trial. Accordingly, to the extent the government has requested clarification, the motion will be granted.

Next, the Court turns to Plaintiff's objections to Defendant's proposed witnesses and exhibits. [DE 76]. Plaintiff objects to the Defendant's intent to introduce the testimony of Timothy Revenaugh, Enya Cannon, Captain Vincent Barber, and Major Christopher Fitzwater. In addition to objecting on relevancy grounds, Plaintiff argues that the witnesses were not disclosed pursuant to Federal Rule of Civil Procedure 26(a)(1) at any time prior to Defendant filing its witness list. Accordingly, Plaintiff argues, allowing these individuals to testify would result in unfair surprise.

Federal Rule of Civil Procedure 26(a) imposes an ongoing duty to disclose the identities of individuals likely to have discoverable information regarding a case. Rule 37(c)(1) provides that, if a party fails to provide information or disclose the identity of a witness as required by Rule 26, the party shall not be allowed to use that information at trial, unless the failure was substantially justified or harmless. Absent these extenuating circumstances, exclusion of the non-disclosed evidence is "automatic and mandatory." *Dickenson v. Cardiac & Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (citation omitted). The instant failure was not substantially justified, as the Defendant has offered no explanation for its failure to disclose the identity of these witnesses prior to the filing of the witness list in its pretrial disclosures. "The advisory

2

committee's note to Rule 37(c) strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (internal quotation marks and citation omitted).  There is no suggestion these circumstances are present here.  Accordingly, the testimony of Timothy Revenaugh, Enya Cannon, Captain Vincent Barber, and Major Christopher Fitzwater will be excluded.

Plaintiff also objects on relevance grounds to all exhibits included in Defendant's exhibit list that are not part of the parties' Joint Exhibit List, with the exception of Defendant's Exhibit 8 (Performance Physical Therapy Records).  The Court will examine each item in turn.

Plaintiff's first challenge involves the introduction of certain medical records from the VA Medical Center.  Defendant seeks to introduce records involving the following information: urine drug screens undertaken at the VAMC; records of missed appointments; records from a hernia repair in 2011; and records from an appendectomy in 2011.

As far as the urine drug screens, as Defendant points out in its response, excessive pain medication could have affected Plaintiff's ability to bear weight on his injured foot without experiencing the corresponding level of pain.  Doctors are expected to testify that pain is an important indicator in the care of a

patient with an injury to a weight-bearing bone. Accordingly, this evidence is relevant and will be admitted. Similarly, it is within reason to expect that failure to attend scheduled appointments may affect a patient's recovery. The record of missed appointments from the VAMC will be admitted, as well.

Defendant contends that records from a hernia repair and an appendectomy in 2011 are relevant because they demonstrate that Plaintiff sought care from the VAMC in Lexington after the alleged medical malpractice in this action occurred. There is no indication, however, that the same medical providers were involved or that there is any link between those procedures and the instant matter. There could be any number of reasons that Plaintiff chose to utilize the VA for his hernia repair and appendectomy. The Court fails to see any reason why his alleged decision to do so has any bearing on this matter. Evidence of those procedures will be excluded as they are irrelevant.

Plaintiff's next challenge is to the Defendant's proposed introduction of records from the Department of Labor. Plaintiff argues that the challenged records relate entirely to collateral source benefits, which should be excluded under Kentucky's collateral source rule. Further, Plaintiff argues, such evidence is not relevant in light of the Court's partial summary judgment Order entered June 15, 2015, determining that there will be an offset for FECA and TRICARE benefits against any damages awarded

to Plaintiff.   In response, Defendant argues simply that "[t]estimony of a Department of Labor official, and the consideration of Department of Labor records relative to Plaintiff's work-related injury are necessary to establish a record for this Court to consider before entering its final ruling herein and for the consideration by the Court of Appeals in its review of that ruling."   Alternatively, if not admitted into evidence, Defendant requests that the testimony and exhibits be placed into the record as an avowal of what the Department of Labor records would reflect.   The Defendant has failed to persuade the Court that this evidence is relevant after its decision of June 15.   However, so that evidence can be preserved on the record in case of an appeal, the government will be permitted to place the exhibits into the record as an avowal of what the Department of Labor records would reflect.

The government has withdrawn the following proposed exhibits: family counseling records; St. Joseph Hospital records; USPS records[1] and "USPS records for Williamson".   Accordingly, these items will not be introduced as evidence.   The government has agreed to withdraw records from the Kentucky National Guard with the exception of Plaintiff's application for retirement pay to the extent it contains Plaintiff's statement pertaining to the

---

[1] While the government has withdrawn the USPS records from its exhibit list, it preserves its intention to present the live testimony of CPT Vincent Barber and Dr. Travis Sewalls, whose written statements are included in the USPS records.

physical condition at issue and the causes thereof. As this is relevant to the matters being considered, these limited portions of the records will be admitted.

Finally, Plaintiff objects to the proposed admission of records from Kentucky Clinic South which allegedly reflect an "isolated visit" to that clinic during which a physician speculates that Plaintiff may be addicted to Tramadol. Plaintiff argues that this should be excluded because any probative value of the records is outweighed by the danger of unfair prejudice to Plaintiff. In bench trials, however, unfair prejudice to the plaintiff is not a risk. *See United States v. Hall*, 202 F.3d 270 (6th Cir. 2000) (table decision) (citing *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994)). Because this evidence is relevant to Plaintiff's medical condition, it will be admitted.

Finally, Plaintiff has filed a notice of intent to use summaries of voluminous records pursuant to Federal Rule of Evidence 1006, [DE 71]. Defendant responded, objecting to the introduction of such summaries as evidence. Plaintiff replied, indicating that the parties had conferred and reached an agreement, at least to some extent, with respect to the use of summaries.

Plaintiff wishes to use two summaries at trial. The first relates to a "timeline of medical care." Plaintiff does not wish to introduce the timeline into evidence but, rather, intends to use it as a demonstrative aid during trial to "help counsel and

6

witnesses easily reference and access the relevant medical records." Plaintiff indicates that the United States has no objection to this use of the summary in this manner. Accordingly, its use will be permitted to facilitate efficiency at trial. To the extent that the government has any objection to the specific content of the summary, the parties should attempt to resolution prior to trial. Any remaining objections will be resolved at trial.

Plaintiff also seeks to introduce a summary of approximately 39 pages of medical bills at trial. Plaintiff contends that the bills are highly itemized and include large amounts of information and that the summary will be for the convenience of the Court and the parties. It is the Court's understanding, based on the record, that the underlying medical bills are part of Plaintiff's exhibit list, to which Defendant has raised no objection. [*See* Initial Pretrial Conference Minutes, DE 78]. Accordingly, the summary, based on undisputed medical bills, will be admitted, considered, and given the appropriate weight.

Accordingly, **IT IS ORDERED**:

(1) that the government's motion for clarification, [DE 79], is **GRANTED** to the extent that Dr. Jeng's testimony will be presented by his deposition at trial, rather than live testimony;

(2) that the Plaintiff will be permitted to present summaries of evidence at trial, as discussed in this opinion; and

(3)  that evidence shall be admitted or excluded as discussed herein.

This the 27th day of July, 2015.

Signed By:

*Joseph M. Hood*

Senior U.S. District Judge